UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAMES ROBERTSON,      07cv3461
                              JUDGE NORDBERG
  Plaintiff,                MAG. JUDGE DENLOW

v.

PARKWAY BANK & TRUST
COMPANY,                  Plaintiff demands trial by jury

  Defendant.

**FILED**
JUN 2 0 2007
6-20-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COMPLAINT

COUNT I—Americans With Disabilities Act

1. Plaintiff is a resident of Illinois, domiciled in Chicago, Illinois, and is a former employee of Defendant.

2. Defendant Parkway Bank & Trust Company is, on information and belief, an Illinois corporation with its principal place of business in Cook County, Illinois and multiple offices in Cook County, Illinois, which conducts business in this judicial district.

3. Plaintiff was employed in this judicial district as Branch Manager of the Jefferson Park (Chicago) branch of Defendant.

4. This Court has jurisdiction over this case pursuant to 28 USC section 1331 because this cause arises under the laws of the United States.

5. Venue is proper in this district pursuant to 28 USC section 1391(b)(2) in that a substantial part of the events giving rise to this claim occurred in this district and

42 USC section 2000c(5)(f)(3), in that the relevant employment records are maintained and administered in this district.

6. Plaintiff commenced his position as Branch Manager in March, 2002.

7. Plaintiff communicated to Defendant that he had been injured in a work-related incident in or about 1998 which resulted in a low back injury including, but not limited to, disc pathology at the L3, L4 and L5 levels, for which he was treated at Northwestern Memorial Hospital and the Rehabilitation Institute of Chicago.

8. On or about December 21, 2004, Plaintiff, while en route to work, was struck by a vehicle operated by one William W. Weaver, and sustained injuries including an aggravation of the pre-existing low back injury.

9. Thereafter, Plaintiff was required to attend numerous medical appointments and appointments for physical therapy to treat the injury so aggravated.

10. Plaintiff requested accommodation of Defendant in regard to attendance at medical and physical therapy appointments after the incident on or about December 21, 2004.

11. At first Defendant accommodated Plaintiff's need to attend medical and therapy appointments, but, as 2005 progressed, Defendant through its officers and employees communicated displeasure with Plaintiff's condition, including, but not limited to, sarcastic or mocking remarks concerning Plaintiff's need to be absent for short periods of time in order to receive injections or otherwise appear for therapy.

12. On or about April 10, 2006, Defendant abruptly and illegally discharged Plaintiff from his position as Branch Manager.

13. Plaintiff protested this discriminatory treatment of filing a charge of discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter on March 26, 2007.

14. Plaintiff has a disability as defined in the Americans with Disabilities Act, 42 USC section 12102(2).

15. Defendant discriminated against the Plaintiff with respect to his privileges of employment due to its predisposition or intent to discriminate based on Plaintiff's disability, perceived disability, and/or medical history.

16. Defendant treated employees who did not have disabilities, who were not regarded as disabled, and/or who did not have medical histories, more favorably than the Plaintiff.

17. Defendant's discrimination denied the Plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the Americans with Disabilities Act, 42 USC section 12010 *et seq.*

18. As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered and will continue to suffer injuries, including loss of compensation, loss of fringe benefits, loss of earning potential, loss of reputation, embarrassment, humiliation, betrayal, shame, inconvenience, loss of self-esteem, and mental anguish, and other incidental consequential damages, including court costs, attorney fees and expenses of litigation.

19. Plaintiff demands trial by a jury of twelve on all issues so triable.

COUNT II—Age Discrimination in Employment Act

20. Plaintiff reallges paragraphs 1-13 as if fully set forth herein as paragraphs 20-32 of this Count.

33. Defendant discriminated against the Plaintiff with respect to his privileges of employment due to its predisposition or intent to discriminate based on Plaintiff's age.

34. Defendant treated employees who were younger than Plaintiff more favorably than the Plaintiff, in violation of the Age Discrimination in Employment Act of 1967, as amended.

35. Defendant's discrimination denied the Plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions and privileges of employment in violation of that Act.

36. As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered and will continue to suffer injuries, including loss of compensation, loss of fringe benefits, loss of earning potential, loss of reputation, embarrassment, humiliation, betrayal, shame, inconvenience, loss of self-esteem, and mental anguish, and other incidental consequential damages, including court costs, attorney fees and expenses of litigation.

37. Plaintiff demands trial by a jury of twelve on all issues so triable.

WHEREFORE, Plaintiff prays judgment against Defendant in such amount in excess of $300,000.00 as may compensate him for his injuries as alleged above, and for such

additional or different relief as may be necessary to effect the remedial purposes of the statutes under which this suit is brought.

                                            Respectfully submitted,

                                            */s/ David Lehman*
                                            David Lehman

David Lehman
David Lehman Law Offices
55 W. Van Buren Suite 520
Chicago IL 60605-1110
312 360 0050
*Attorney for Plaintiff*

EEOC Form 161-B (3/98) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | CERTIFIED MAIL NO: 7099-3400-0018-8813-3798 CP ATTY<br>James M. Robertson<br>1850 N. Clark Street, Unit # 2106<br>Chicago, IL 60614 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-07834 | Luis Rodriguez, Investigator | (312) 353-0893 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)     *[signature]* John P. Rowe,     3/21/07
                  **District Director**     *(Date Mailed)*

cc:    **PARKWAY BANK & TRUST CO.**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sarita Gaddis** and mailed to the address above or faxed to **(312) 353-4041**.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* **Before filing a lawsuit,** but within 90 days of your receipt of the Right to Sue, or
* **After your lawsuit has been filed.** If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint reflecting the docket number.

If you are the Respondent you may be granted access to the file **only after a lawsuit has been filed. Include with your request a copy of the first page of the court complaint reflecting an official court stamped docket number.**

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to the file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Williams Lea (formerly Uniscribe), 300 West Adams, Suite 900, Chicago, Illinois, 60606-5101, (312) 279-5500.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to Williams Lea.

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2006-07834 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| James M. Robertson | (312) 943-5388 | 05-25-1960 |

Street Address: 1850 N. Clark St., Unit # 2106, Chicago, IL 60614

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PARKWAY BANK & TRUST CO | Unknown | (708) 867-6600 |

Street Address: 4800 N Harlem Ave, Chicago, IL 60706

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 04-10-2006  Latest: 04-10-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above named Respondent in March 2002. My most recent position was Assistant Vice President and Branch Manager. Respondent has been aware of my disability since December 2004. On April 10, 2006, I was discharged for alleged misconduct. Similarly situated non-disabled employees and employees not in the protected age have engaged in the same behavior and have not been discharged.

I believe that I have been discriminated against because of my age, 46 (D.O.B. 05-25-1960), in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC
JUL 11 2006
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Jul 11, 2006       /s/ James M. Robertson
Date                Charging Party Signature